BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ASHOT MKHITARYAN, dba WOODMAN MEDICAL SUPPLY,<br><br>    Defendants and Judgment Debtors,<br><br>CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,<br><br>    Garnishee. | Case No.: 2:14 MC 0032-MCE-EFB<br><br>**APPLICATION FOR FINAL ORDER OF GARNISHMENT (INTEREST IN WITHHELD ACCOUNTS); AND ORDER THEREON**<br><br>Criminal Case No.: 2:99 CR 00486-001-FCD<br><br>[NO HEARING REQUESTED] |

Plaintiff United States respectfully moves, pursuant to Section 3205(c)(7) of the Federal Debt Collections Procedure Act (FDCPA), 28 U.S.C. § 3001, *et seq.*, for a Final Order of Garnishment against the MediCal claim funds withheld from the defendants and judgment debtors, Ashot Mkhitaryan dba Woodman Medical Supply, (collectively the Debtors). The United States seeks the order based on the following grounds:

    1.    On April 19, 2001, the Clerk entered Judgment against the Debtors in criminal case number 2:99 CR 00486-001-FCD. The Judgment includes an order of restitution in the amount of

Application for Final Order of Garnishment; and Order

1

$425,000.00.  Criminal Case Docket Entry ("DE") No. 40.

2. To collect on the restitution order, the United States filed an Application for Writ of Garnishment on March 11, 2014, against the Debtors' MediCal claim funds withheld by the garnishee, California Department of Health Care Services.  Miscellaneous Case DE No. 3.

3. The Clerk issued a Writ of Garnishment to the Garnishee on March 13, 2014.  The United States thereafter served the Garnishee with the Writ and its attachments.  DE Nos. 5 and 7.

4. On March 24, 2014, the United States served the Debtors with a copy of the Writ of Garnishment and notified them of their right to a hearing to object to the Answer and/or to claim exemptions to the garnishment of the MediCal funds.  This notice advised the Debtors that they had twenty (20) days from the date the Garnishee served its Answer to file a request for a hearing (28 U.S.C. § 3205(c)(5)) and assert a claim of exemption as set forth in 28 U.S.C. §3014 (b)(2).

5. On April 8, 2014, and before the Garnishee had filed an answer, the United States Attorney's Office received judgment debtor Ashot Mkhitaryan's Request for Hearing.  The Debtor did not file his Request nor did the Request assert an exemption claim.  Nonetheless, on April 11, 2014, the United States filed a Notice of Receipt of Ashot Mkhitaryan's Request for Hearing (Interest in Withheld Money) along with the United States' Objections Thereto based upon the Request not being timely filed, nor meeting the specific criteria for a hearing as required by 28 U.S.C. §3202(d).  DE No. 8.  The United States filed the Notice of Receipt in fulfillment of its duty of candor to the Court but maintains now as it did then that the Debtors' unfiled document is a nullity, not warranting a hearing.

6. Issues subject to hearing under 28 U.S.C. §3202(d) include the "probable validity of any claim of exemption by the debtor; [and the creditor's] compliance with any statutory requirement for the issuance of the postjudgment remedy granted."  *Id*.  Courts may deny a hearing where the hearing request does not raise one of the statutory bases for a hearing.  *United States v. Miller*, 588 F.Supp.2d 789, 797 (W.D. Mich 2008).  The Debtors' unfiled Request for Hearing (DE No. 8-1) does not implicate section 3202(d); the Request simply states that Debtors do not "owe the money."  This is not a proper basis for objection in this proceeding for several reasons.  First, there is no exemption claimed under 28 U.S.C. §3014 (b)(2); second, the Debtors fail to articulate how the United States' collection efforts

1 violate the FDCPA or other applicable law; third, the restitution indebtedness has been reduced to a
2 (non-default) judgment; and fourth, the unfiled document does not otherwise raise an issue subject to a
3 hearing under 28 U.S.C. §3202(d).[1]  Since the Debtors' Request for Hearing does not satisfy section
4 3202(d), the Court should deny the requested hearing in its entirety.

5   7.  The California Department of Health Care Services filed its Acknowledgment of Service
6 and Answer of Garnishee on May 19, 2014.  The Answer states that the Garnishee withheld $40,777.08
7 in MediCal claims payments from the Debtors.  DE No. 10.  The Debtors have not filed a claim of
8 exemption nor requested a hearing based on the Garnishee's filed Answer within the twenty day
9 statutory time period to do so.  28 U.S.C. § 3205(c)(5).  Accordingly, the Court should not set a hearing
10 on the United States' garnishment action.

11   8.  All conditions to the issuance of a Final Order of Garnishment against the withheld
12 MediCal claim funds are satisfied and accordingly, the Court can and should grant the requested relief.

13     Respectfully submitted,

14     BENJAMIN B. WAGNER
    United States Attorney

17 DATED: July 1, 2014  By: /s/ Kurt A. Didier
    KURT A. DIDIER
18     Assistant United States Attorney

---

[1] The Debtors have attached documents to the Request, but the attachments are neither legal argument nor admissible evidence.  Instead, the attachments are an apparent print-out from the Debtors' blog on March 25, 2013 accusing federal prosecutors of being "Werewolves" and a curse by the "Absolute Spirit" condemning the participants in the criminal case to "eternal darkness."  These materials should be completely disregarded.

**ORDER**

The Court, having reviewed the court files and the United States' Application for Final Order of Garnishment (the Application) and finding good cause therefore, hereby GRANTS the Application. Further, to effectuate payment of the garnished account identified in paragraph 7 of the Application, the California Department of Health Care Services account custodian shall:

1. Deliver, within 30 days of the date of this Order, a cashier's check, money order or company draft in the amount of the account balance payable to the *Clerk of the Court* at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, CA 95814;

2. State the criminal case docket number (Case No. 2:99 CR 00486-001-FCD) on the payment instrument; and

3. Include a self-addressed, stamped envelope with the payment if requesting a payment receipt.

IT IS SO ORDERED.

DATED: July 23, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE